OPINION
Defendant, Brenda J. Lytle, appeals from a judgment and decree of divorce terminating her marriage to Plaintiff, John H. Lytle, Jr.
Brenda[1] and John were married in 1967. Three children were born of the marriage.
Brenda and John moved to California in 1982. They separated in 1983, and John returned to Ohio with their three children. Brenda remained in California. They lived apart until 1999, when Brenda returned to Ohio and moved into John's home.
The parties separated again in or around October 2000, when Brenda left the home. John filed a complaint for divorce. Brenda filed an answer and counterclaim, seeking a division of property, spousal support, and attorney fees.
Two temporary orders issued while the case was pending. One ordered John to pay Brenda $1,000 for interim attorney fees. The other ordered John to pay Brenda temporary spousal support in the amount of $1,624.33 per month or, alternatively, to pay certain housing expenses should Brenda not live in the marital residence.
Brenda subsequently filed charges in contempt, alleging that John was in arrears in paying temporary spousal support. The matter was heard by a magistrate, who found that John owed $2,897.64. The magistrate then ordered that John could pay the amount "by way of a set-off against assets awarded to (him) by the court. If the amount is not paid by set-off, it shall be paid by John within ninety days of the date this magistrate decision is filed." The decision, which also awarded Brenda $350 in attorney fees for prosecution of the contempt, was filed on September 10, 2001. John filed objections to the magistrate's decision.
The court entered a judgment and decree of divorce on November 21, 2001. It did not rule on John's objections. Neither did it order any set-off from the only article of marital property it distributed, the residence, which was awarded to John.
Concerning Brenda's request for spousal support, the court found that she currently has an income from Social Security on a disability claim in the amount of $568 per month and a private income from her father in the amount of $262 per month. She will be required to pay $291 per month for COBRA coverage after the divorce in order to have coverage for the medications she needs; but, as the court found, Brenda "has not investigated whether or not her medical expenses will be covered by social security or another means-tested program upon her divorce." (Decision and Judgment, p. 3). Brenda suffers from agoraphobia and is unable to work.
The court denied Brenda's request for spousal support, stating:
 "Since the separation from his wife in 1983, the defendant has not had any financial or property ties with her. In fact, there was no communication with the defendant until two (2) years after the plaintiff returned to Ohio with their three (3) children. In approximately 1985, the children spoke with their mother periodically. In fact, in 1986 their emancipated daughter, Angela Keiger, moved to California where she saw her mother, however Angela supported herself.
 "Mr. Lytle did not have direct contact with Mrs. Lytle from 1983 until January 1999. In February 1999 the plaintiff and defendant began to cohabit. Mrs. Lytle moved into Mr. Lytle's home. Differences arose between the parties and in October 2000, Mr. Lytle moved out of his home, subsequently filing the present divorce action.
 "From 1983 until 1999 there has been no financial or other support between these parties. Additionally, the defendant did not provide any financial support for their three (3) children who were in the plaintiff's physical custody since the 1983 separation. For sixteen (16) years these parties lived separate lives, maintained separate financial accounts and obligations, pursued separate interests and there was no communication between them.
 "The Court considered all of the factors listed in § 3105.18(C)(1) to determine the issue of a spousal support award. The defendant's request for an award of spousal support is not well taken. In light of the totality of the circumstances of this case a spousal support award is neither reasonable nor appropriate.
 "The marriage, by admission of both parties, "was over" in 1983 while they were minors. The plaintiff provided the total care and support for the parties three (3) children since the 1983 separation. The parties had no financial entanglements from 1983 up to 1999 when they attempted reconciliation. The mere act of attempting to reconcile after a sixteen-year separation does not create any duty on the part of either party herein to provide spousal support.
 "The plaintiff and defendant have income to provide for their own sustenance. Each party provided for themselves for at least 16 years without any help from the other. The health of the parties has been considered in reaching this decision.
 "The Court finds that there are no reasonable or equitable factors upon which to award spousal support." Id., pp. 3-4.
 Brenda filed a timely notice of appeal from the judgment and decree. She presents two assignments of error for review.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND AN ABUSE OF DISCRETION BY DENYING DEFENDANT-APPELLANT'S CLAIM FOR SPOUSAL SUPPORT.
R.C. 3105.18(B) authorizes the domestic relations court to award reasonable spousal support to either party in an action for divorce. The court is required to consider the applicable factors in paragraph (C)(1) of that section in determining whether spousal support is appropriate and reasonable. The court is afforded broad discretion in granting or denying spousal support, which is an element of the full equitable powers and jurisdiction conferred on the court by R.C. 3105.011.
Brenda argues that her prescription drug needs will require her to obtain COBRA coverage that is too costly for her to bear on her modest income. She alleges that no alternative coverage is available. She also points out that John elected to resume cohabitation with her in 1999, knowing of her medical condition and need.
The trial court found that Brenda's prescription drug needs were paid by public assistance while she lived in California, but that she had not investigated the availability of assistance of a similar kind since returning to Ohio. Brenda's assertion that, in fact, no alternative source is available to her is not a matter that was before the trial court when it denied Brenda's request for spousal support.
The court is required by R.C.3105.18(C)(1)(a) and (c) to consider the incomes and physical conditions of the parties. The court stated that it had done that. Nevertheless, the court denied Brenda's request for spousal support on the basis of her very long separation from John, a period of sixteen years during which she supported herself. The court was authorized to give weight to that fact by the "standard of living" and "any other factor that the court finds to be relevant and equitable" considerations of R.C. 3105.18(C)(1)(g) and (n). The trial court could reasonably conclude that to require spousal support from John under these circumstances would impose a burden on him which, in equity, he should not be required to bear. Therefore, we cannot find that the trial court abused its discretion when it denied Brenda's request for spousal support.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT FAILED TO RULE ON THE OBJECTIONS FILED BY THE PLAINTIFF-APPELLEE TO THE DECISION OF THE MAGISTRATE FILED ON AUGUST 8, 2001.
John objected to the magistrate's decision finding that he owes a #2,897.64 spousal support arrearage to Brenda. The magistrate had suggested that the amount could be set-off from the value of any marital property the court awarded John. The court awarded him his residence, but provided for no set-off. Neither did the court rule on John's objections before it entered the judgment and decree of divorce.
John argues that Brenda cannot complain that she is prejudiced by the court's failure to rule on objections that John filed. We do not agree.
The court had provisionally adopted the magistrate's order pursuant to Civ.R. 53(E)(4)(c), which provides that "the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." The court's failure to rule on the objections thus bars the relief that Brenda obtained. Therefore, she is prejudiced by the court's failure to rule, which likewise is contrary to the requirement of Civ.R. 53(E)(4)(b) which states that "[t]he court shall rule on any objections."
The second assignment of error is sustained.
Conclusion
 Having sustained the second assignment of error, we will reverse thejudgment from which this appeal was taken and remand the case to thetrial court for further proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.
[1] For clarity and convenience, the parties are identified bytheir first names.